**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 05-cv-00042-WYD-OES

LUCY DAVIS, et. al.,

    Plaintiffs,

v.

THOMAS H. BAILEY, et. al.,

    Defendants.

**DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF THEIR MOTION TO DISMISS**

**Certification of Compliance with D.C.COLO.L.CivR 7.1(A)**

Undersigned counsel hereby certifies that during the Scheduling Conference before U.S. Magistrate Judge O. Edward Schlatter on June 21, 2005, counsel for Plaintiffs and Defendants discussed this issue and Plaintiffs agreed that discovery in this matter should be stayed pending resolution of Defendants' motion to dismiss. Therefore, Plaintiffs do not oppose the relief sought in this Motion.

Defendants, by their undersigned counsel, and pursuant to Fed.R.Civ.P. 26(c), respectfully submit their Unopposed Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss.

## BACKGROUND

On January 10, 2005, Plaintiffs brought this putative class action on behalf of investors in open-end mutual funds with equity holdings in the "Janus Family of Funds" (the "Janus Funds"). Complaint ("Compl.") ¶ 1. Plaintiffs assert claims under the Investment Company Act of 1940 (the "ICA") and state law, alleging that Defendants neglected to file proof of claim forms in securities class action settlements in which the Janus Funds were eligible to participate. Compl. ¶¶ 1, 24-26, 30-49.

This action is one of more than forty virtually identical cases filed by the same plaintiffs counsel against mutual fund complexes across the country. To date, at least twenty of those actions have been dismissed voluntarily by the plaintiffs in those actions. Five other actions have been dismissed by court orders granting the defendants' motions to dismiss. Exs. E-I.[1]

Defendants in this action filed a motion to dismiss on May 16, 2005, advancing similar arguments to those made in the five previously dismissed actions, namely, that: (i) Plaintiffs lack standing to bring this action directly, and have failed to comply with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure for pursuing a derivative action; (ii) Plaintiffs lack standing to sue on behalf of funds in which they did not invest; (iii) Plaintiffs fail to state a cause of action under the ICA; (iv) Plaintiffs have no private right of action under ICA §§ 36(a) and 47(b); and (iv) Plaintiffs' claims against the individual directors fail as a matter of law. *See* Scheduling Order ("Sched. Ord."), Ex. A at 3-4. The parties completed briefing on Defendants' motion to dismiss on June 22, 2005. *Id.* at 3.

---

[1] All citations to "Ex. __" refer to the Exhibits attached to the Declaration of Dawn M. Wilson ("Wilson Decl."), submitted with this motion.

On June 21, 2005, the parties attended a Scheduling Conference before U.S. Magistrate Judge O. Edward Schlatter. *Id.* at 5. At the conference, the parties set a preliminary discovery schedule to commence on September 12, 2005, *id.* at 9, and Defendants specifically requested a stay of discovery pending resolution of their motion to dismiss, *id.* at 10. Plaintiffs indicated that they were "amenable to such a stay." *Id.* at 10. Magistrate Judge Schlatter declined to enter a stay of discovery at that time.

On September 12, 2005, Plaintiffs served their First Set of Interrogatories and Requests for Production ("Pls. Requests") on Defendants. Ex. C. Plaintiffs seek information, *inter alia*, pertaining to all class action settlements for which the Janus Funds were eligible to participate over nearly a ten-year period, *id.* at 7-9 (Interrogatory Nos. 1-14), 10-11 (Document Request Nos. 3-11), as well as information on all of the Janus Funds, regardless of whether the named plaintiffs actually invested in such funds. *Id.*

## ARGUMENT

**I.   THE PARTIES AGREED THAT A STAY OF DISCOVERY COULD BE IMPOSED.**

During the Scheduling Conference held on June 21, 2005, the parties specifically contemplated and agreed to a potential stay of discovery. As reflected in the Scheduling Order, the parties convened one day before completion of briefing on Defendants' motion to dismiss. Sched. Ord., Ex. A at 5. While the parties set a preliminary schedule for discovery to commence with interrogatories and document requests on September 12, 2005, *id.* at 9, Defendants specifically "request[ed] a stay of discovery other than initial disclosures while their motion to dismiss, fully briefed as of June 22, 2005, is pending," *id.* at 10. Plaintiffs indicated that they were "amenable to such a stay." *Id.* at 10. This exchange makes clear that, while the parties

3

contemplated beginning discovery on September 12, 2005, they also anticipated staying such discovery in the event that Defendants' motion to dismiss was not decided by that time.

## II. GOOD CAUSE EXISTS FOR A STAY OF DISCOVERY.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a district court has wide discretion to stay discovery pending resolution of a dispositive motion upon a showing of "good cause." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004); *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). A district court also has authority to control the timing and sequence of discovery under Rule 26(d). *Id.*

### A. Defendants' Pending Motion to Dismiss Will Likely Dispose of this Action.

Good cause exists for a stay when an "immediate and clear possibility" exists that defendants' pending motion to dismiss will dispose of the entire action. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000); *see Merrill Lynch*, 357 F. Supp. 2d at 1280. This case is one of over 40 virtually identical actions filed across the country by the same plaintiffs counsel. The allegations in those complaints are repeated almost word-for-word with the exception of the defendants' identities, and they advance the same five causes of action: (i) breach of fiduciary duty, (ii) negligence, (iii) violation of Section 36(a) of the ICA, (iv) violation of Section 36(b) of the ICA, and (v) violation of Section 47(b) of the ICA. *Compare, e.g.,* Compl. ¶¶ 30-49 *with* Complaint in *Mutchka v. Harris*, No. SACV 05-34 JVS (C.D. Cal.), Ex. D ¶¶ 30-49.

Defendants' motion to dismiss asserts several grounds on which five other courts have recently dismissed virtually identical actions. *Compare* Sched. Ord., Ex. A at 3-4 *with* Order of

Dismissal in *Masden v. Bakhru*, No. 05 Civ. 0291 (S.D.N.Y. Aug. 31, 2005), Ex. I at 1 (dismissing action "substantially for the reasons set forth in defendants' memorandum of law," namely, failure to bring derivative action, absence of private right of action under ICA § 36(a), failure to state claims under ICA §§ 36(b) and 47(b), and failure to state claims against individual trustees);[2] Order of Dismissal in *Hogan v. Baker*, No. Civ. A. 305-CV-0073P, 2005 WL 1949476, at *2-*6 (N.D. Tex. Aug. 12, 2005), Ex. H (dismissal based on failure to bring derivative action, and failure to state claim under ICA § 36(b)); Order of Dismissal in *Dull v. Arch*, No. 05 C 140 (N.D. Ill. July 27, 2005), Ex. G at 3-6 (dismissal based on absence of private right of action under ICA §§ 36(a) and 47(b), and failure to state claim under ICA § 36(b)); Order of Dismissal in *Jacobs v. Bremner*, 378 F. Supp. 2d 861, 863-69 (N.D. Ill. 2005), Ex. F (dismissal based on absence of private right of action under ICA § 36(a), and failure to state claims under ICA §§ 36(b) and 47(b)); Order of Dismissal in *Mutchka v. Harris*, No. SACV 05-34 JVS (C.D. Cal. June 9, 2005), Ex. E at 5-13 (dismissal based on absence of private right of action under ICA § 36(a), failure to state claims under ICA §§ 36(b) and 47(b), and failure to bring derivative action).

In the wake of such dismissals, at least one other court where an analogous case is pending recently stayed discovery pending resolution of the defendants' motion to dismiss. *See* Docket Sheet Order Staying Discovery dated July 26, 2005 in *Stegall v. Ladner*, No. 05-10062 DPW (D. Mass.), Ex K at 12.[3]  In another action, an unopposed stay motion was filed on August

---

[2] *See* Defendants' Memorandum of Law in Support of their Motion to Dismiss in *Masden v. Bakhru*, No. 05 Civ. 0291 (S.D.N.Y.), Ex. J at 7-23.

[3] The defendants in *Stegall* argued that a stay was warranted because the plaintiffs should have brought a derivative action, and because the Massachusetts Business Corporation Act of 2003 specifically provides that "all discovery proceedings [in derivative actions] shall be stayed upon the filing by the corporation of [a] motion to dismiss . . . until the notice of entry of the order ruling on the motion . . ." Memorandum of Law in Support of Defendants'

5

18, 2005.  *See* Motion for Stay in Briefing and Discovery Relating to Plaintiff's Motion for Class Certification in *Hayes v. Durham*, No. 05-CV-0028 (S.D. Ohio), Ex. M.

### B. Plaintiffs Are Not Prejudiced by the Short Stay Requested.

As weighed against the likelihood of dismissal, Plaintiffs are not prejudiced by the requested stay, as it is anticipated that this Court will rule shortly on Defendants' motion to dismiss for which all briefing was completed on June 22, 2005.  *See Merrill Lynch*, 357 F. Supp. 2d at 1280 ("'good cause' for stay of discovery may be shown . . . where the stay is for a short period of time") (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. 1996)); *First Constitution Shareholders Litig. v. First Constitution Finan. Corp.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (noting that plaintiffs "are not unduly delayed if discovery is stayed for . . . a relatively short period of time," and imposing stay until 45 days after disposition of motion to dismiss).

### C. Judicial Economy Is Served by Staying the Broad Discovery Sought.

Finally, the interests of judicial economy will be served by a stay in light of the extraordinary breadth of the discovery sought and the potential burdens imposed on Defendants. *See* Fed. R. Civ. P. 26(c) (authorizing protective order to prevent "undue burden or expense"); *First Constitution*, 145 F.R.D. at 294 (noting that in staying discovery, "emphasis should be laid upon the comprehensiveness of the discovery sought and the burden occasioned thereby upon the defendants").

Here, Plaintiffs have requested information pertaining to *all* class action settlements for which the Janus Funds were eligible to participate over nearly a ten-year period from January 1,

---

Motion to Stay Discovery in *Stegall*, Ex. L at 3-4 (citing Mass. Gen. Laws c. 156D § 7.44). As the Janus Funds are incorporated under Massachusetts or Delaware law, the same argument applies here.

1997 to the date of Defendants' responses to Plaintiffs' discovery requests. *See* Pls. Requests, Ex. C at 7-9 (Interrogatory Nos. 1-14), 10-11 (Document Request Nos. 3-11). Such settlements extend far beyond the three-year putative class period, and number many more than the 136 settlements cited in Plaintiffs' Complaint for the period January 1, 2002 to January 10, 2005, Compl. ¶¶ 6, 24; indeed, Plaintiffs themselves indicate that 1,517 securities class actions were brought between 1996 and 2003. *Id.* ¶ 4 n.1. Defendants object to the scope of discovery sought by Plaintiffs.

Moreover, Plaintiffs request information on all of the Janus Funds, despite the fact that the named plaintiffs only invested in a handful of those funds. *See* Plaintiffs' 26(a)(1) Initial Disclosures, Ex. B. Defendants have asserted, as one ground for dismissal, that the named plaintiffs lack standing to sue on behalf of funds in which they did not invest. Accordingly, any discovery on the remaining Janus Funds will be obviated if this Court grants dismissal on that ground. *See First Constitution*, 145 F.R.D. at 293 (noting that stay should be imposed where discovery "may well cause the defendants to expend significant resources for no purpose whatsoever") (citation omitted); *Johnson*, 205 F.R.D. at 434 (granting stay where pending motion to dismiss "may obviate the need for burdensome discovery").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Unopposed Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss.

Dated: October 4, 2005                             Respectfully submitted,


                                                   s/ Scott P. Sinor
                                                   Tucker K. Trautman
                                                   Scott P. Sinor
                                                   DORSEY & WHITNEY LLP
                                                   370 17th Street, Suite 4700
                                                   Denver, CO  80202-5647
                                                   (303) 629-3400 (T)
                                                   (303) 629-3450 (F)
                                                   trautman.tucker@Dorsey.com
                                                   sinor.scott@Dorsey.com

                                                   *Of counsel*

                                                   Robert B. McCaw
                                                   Dawn M. Wilson
                                                   WILMER CUTLER PICKERING HALE
                                                   AND DORR LLP
                                                   399 Park Avenue
                                                   New York, New York 10022
                                                   (212) 230-8800 (T)
                                                   (212) 230-8888 (F)

                                                   *Attorneys for Defendants Thomas H. Bailey; William F. McCalpin; John W. McCarter, Jr.; Dennis B. Mullen; James T. Rothe; William D. Stewart; Martin H. Waldinger; Janus Capital Group, Inc.; Janus Capital Management LLC; Enhanced Investment Technologies, LLC (Intech); Bay Isle Financial LLC; Perkins, Wolf, McDonnell and Co., LLC; and Berger Financial Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I caused the foregoing document, titled **DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin S. Hannon, Esq.                    khannon@hannonlaw.com

Joseph Henry "Hank" Bates, III           jbates@cauleybowman.com


                                  s/ Scott P. Sinor
                                  Tucker K. Trautman
                                  Scott P. Sinor
                                  DORSEY & WHITNEY LLP
                                  370 17th Street, Suite 4700
                                  Denver, CO  80202-5647
                                  (303) 629-3400 (T)
                                  (303) 629-3450 (F)
                                  trautman.tucker@Dorsey.com
                                  sinor.scott@Dorsey.com