IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00042-WYD-OES

LUCY DAVIS;
GEORGE O'BRYAN; and
MARION O'BRYAN, on Behalf of Themselves and All Others Similarly Situated,

      Plaintiffs,

v.

THOMAS H. BAILEY;
WILLIAM F. McCALPIN;
JOHN W. McCARTER, JR.;
DENNIS B. MULLEN;
JAMES T. ROTHE;
WILLIAM D. STEWART;
MARTIN H. WALDINGER;
JANUS CAPITAL GROUP, INC.;
JANUS CAPITAL MANAGEMENT, LLC;
ENHANCED INVESTMENT TECHNOLOGIES, LLC;
PERKINS, WOLF, McDONNELL AND CO., LLC;
BERGER FINANCIAL GROUP, LLC; and
JOHN DOES 1 through 100,

      Defendants.

## ORDER OF DISMISSAL

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (filed May 16, 2005).  The motion seeks to dismiss this putative class action against the advisors, directors, and affiliates of the Janus Family of Mutual Funds [the "Janus Defendants"].

Plaintiffs allege that the Janus Defendants breached their fiduciary duty owed to Plaintiffs and other mutual fund holders and violated Sections 36(a) and (b) and 47(b) of the Investment Company Act of 1940 ["ICA"] by failing to ensure that the Janus funds participated in securities class actions for which they were eligible. Plaintiffs assert five claims for relief: (1) breach of fiduciary duty; (2) negligence; (3) violation of § 36(a) of the ICA; (4) violation of § 36(b) of the ICA; and (5) violation of § 47(b) of the ICA. For the reasons stated below, Defendants' motion to dismiss is granted.

II.     ANALYSIS

   A.     Standard of Review

Defendants' motion to dismiss is filed pursuant to FED. R. CIV. P. 12(b)(6). In reviewing such a motion, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (quotation omitted), *cert. denied*, 522 U.S. 858 (1997). "A complaint may be dismissed pursuant to [Rule] 12(b)(6) only 'if the plaintiff can prove no se of facts to support a claim for relief.'" *Id.* Thus, I must determine whether Plaintiffs "can prove any set of facts" that entitle them to bring their suit. *Id.*

I also note that some matters outside the pleadings have been attached to the parties' briefs regarding the motion to dismiss. "[I]f matters outside the pleadings are presented to and not excluded by the court, [a Rule 12(b)(6) motion] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion

by Rule 56." *David,* 101 F.3d at 1352 (citing FED. R. CIV. P. 12(b)). Courts have broad discretion in determining whether or not to accept materials beyond the pleadings. *Lowe v. Town of Fairland,* 143 F.3d 1378, 1380 (10th Cir. 1998). I have not considered the matters beyond the pleadings in this case and exclude them for purposes of the motion to dismiss. Accordingly, I find that conversion to a motion for summary judgment is not required. *See Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005).

  B. <u>Defendants' Arguments</u>

    1. <u>Whether Plaintiffs have Standing to Assert their Claims</u>

I first address Defendants' argument that Plaintiffs lack standing to assert claims relating to funds that they do not own. Defendants assert that Plaintiffs purport to assert claim "on behalf of all persons owning one of the Funds at any time between January 10, 2002 through January 10, 2005." Opening Br. in Supp. of the Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ["Opening Brief"] at 7 (citing Comp. ¶ 10). Defendants argue that since each of the Plaintiffs only own one of the funds, they lack standing to litigate claims in other funds in which they have no stake.

Standing consists "of two related components: the constitutional requirements of Article III and nonconstitutional prudential considerations." *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 335 (1990). Article III "'requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, . . . and that the injury fairly can be traced to the challenged action and is likely to be

redressed by a favorable decision.'" *Id.* (quotations and internal quotation marks omitted).

In this case, Defendants argue that Plaintiffs did not suffer any actual or threatened injury in connection with funds that they did not own. While this may be true, this does not mean that Plaintiffs lack standing. It is undisputed that the Complaint alleges that all persons who owned funds in the Janus Family of Funds, including Plaintiffs, were injured by the Janus Defendants' failure to participate in class action settlements. Defendants acknowledge that each of the Plaintiffs own at least one (1) of the funds at issue. Opening Br. at 7. As such, the Plaintiffs have alleged actual injury to them traceable to the Defendants' alleged illegal conduct. Defendants' argument that Plaintiffs lack standing as to the other funds confuses the issue of Article III standing with the requirements of class certification under FED. R. CIV. P. 23.

The Sixth Circuit addressed this issue in *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). In that case, the plaintiff brought a putative class action against his employer alleging violations of ERISA in connection with employee medical benefit plans. *Id.* at 411-12. The district court held that the plaintiff lacked standing under Article III to represent participants in benefit plans other than his own. *Id.* at 412. On appeal, the Sixth Circuit found this ruling to be in error, holding that once the district court had determined that plaintiff had individual standing vis-a-vis the defendant, it then should have analyzed whether the plaintiff satisfied the requirements of Rule 23 as to the absent class members. *Id.* at 42. In other words, "[o]nce his standing has been established, whether a plaintiff will be able to represent the putative class,

including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23. . . ." *Id.*

Another court, relying on *Fallick*, found that the plaintiffs had standing in ruling on a motion to dismiss brought in an almost identical action. *See Mutchka v. Harris*, 373 F. Supp. 2d 1021, 1023-24 (C.D. Cal. 2005). *Mutchka* and *Fallick* are well reasoned and I adopt their analysis. Accordingly, I reject Defendants' argument that Plaintiffs lack standing.

To the extent Defendants' argument is properly analyzed under Rule 23, I find that it is not proper at this juncture to determine whether the requirements of that Rule can be satisfied. There has been no briefing on this issue, and it is likely to involve a factual inquiry that is not appropriate for determination on a motion to dismiss. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action'") (quotations and internal quotation marks omitted); *see also Mutchka*, 373 F. Supp. 2d at 1024.

        2.      <u>Whether Dismissal of the Claim Under § 36(a) of the ICA is Proper</u>

I next address the argument that Plaintiffs' claim under § 36(a) must be dismissed because the statute does not provide a private right of action. That Section, entitled "Civil actions by Commission; jurisdiction; allegations; injunctive or other relief" states in pertinent part:

> The Commission is authorized to bring an action in the proper district court of the United States . . . alleging that a person serving or acting in one or more of the following capacities has engaged . . . or is about to engage in any act or practice constituting a breach of fiduciary duty

>involving personal misconduct in respect of any registered investment company for which such person so serves or acts. . . .

15 U.S.C. § 80a-35(a).

Courts interpreting this provision almost uniformly held in the past that there was a private right of action under this Section. *See Fogel v. Chestnutt*, 668 F.2d 100 (2d Cir. 1981), *cert. denied*, 459 U.S. 828 (1982); *McLachlan v. Simon*, 31 F. Supp. 2d 731, 737 (N.D. Cal. 1998); *Young v. Nationwide Ins.* Co., 2 F. Supp. 2d 914, 925-26 (S.D. Tex. 1998); *In Re Nuveen Fund Litig.*, No. 94-C-360, 1996 WL 328006, at *6 (N.D. Ill. 1996); *Seidel v. Lee*, No. Civ A. 93-494, 1994 WL 913930, at *2 (D. Del. 1994); *In Re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litig.*, 848 F. Supp. 527, 538-42 (D. Del. 1994). The Tenth Circuit, while not addressing § 36(a) specifically, also held that "the strong indication is that when given the opportunity, the Supreme Court . . . will find an implied civil liability arising from the Investment Company Act . . . . ." *Esplin v. Hirschi*, 402 F.2d 94, 103 (10th Cir. 1968), *cert. denied*, 394 U.S. 928 (1969); *see also Bancroft Convertible Funds, Inc. v. Zico Invest. Holdings, Inc.*, 825 F.2d 731, 735-36 (3d Cir. 1987).

However, the precedential value of these decisions appears to be in question based on recent Supreme Court cases that substantially limit when a private right of action can be inferred from a statute. Prior cases from the Supreme Court indicated that the courts could look at legislative history in determining whether an implied private right of action existed under a statute. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 16-17 (1979); *Cort v Ash*, 422 U.S. 66, 78 (1975).

In a 2001 decision, the Supreme Court clarified that the issue is whether the statute itself displays an intent to create a private remedy. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Specifically, the Supreme Court stated:

> The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. . . . Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. . . . 'Rising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.'

*Id.* at 286-87 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 365 (1991) (internal citations omitted)).

The Supreme Court further noted that it had abandoned the "*ancien regime*", captured in a previous statement that "'it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose' expressed by a statute'". *Id.* at 287 (quoting *J.L. Case Co. v. Borak*, 377 U.S. 426, 433 (1964)). The Court also disagreed with the government's contention that the cases interpreting statutes prior to *Cort v. Ash* "had given 'dispositive weight' to the 'expectations' that the enacting Congress had formed 'in light of the contemporary legal context.'" *Id.* at 287-88 (quotation omitted). Instead, the Supreme Court stated, "[w]e have never accorded dispositive weight to context shorn of text." *Id.* at 288. "In determining whether statutes create private rights of action, as in interpreting statutes generally, . . . legal context matters only to the extent it clarifies text." *Id.* (internal citation omitted). Thus, the Supreme Court in *Alexander* began (and ended) its "search for Congress's intent with the text and structure of Title VII." *Id.*

-7-

In this case, while § 36(b) provides a right of action to either the Securities and Exchange Commission ["SEC"] or to "a security holder of [a] registered investment company" to assert an action, § 36(a) authorizes only the SEC to bring an action. The text of the statute does not give a private right of action to a security holder of an investment or anyone other than the SEC. Further, *Alexander* held that "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Id.*, 532 U.S. at 290. Thus, to the extent that Congress gave the method of enforcement to the SEC only, this would imply that a private right of action is not authorized by others. *See also Olmstead v. Pruco Life Ins. Co. of New Jersey*, 283 F.3d 429, 433 (2d Cir. 2002) ("'Obviously . . . when Congress wished to provide for a private damage remedy, it knew how to do so and did so expressly'") (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979)).

However, the legislative history of the ICA indicates that Congress did intend for the courts to find a private right of action, particularly as to § 36(a). As stated by the court in *In Re ML-Lee Acquisition Fund II, L.P.*:

> when Congress amended the ICA in 1980 in the Small Business Investment Incentive Act of 1980, the House Report stated, "'[t]he Committee wishes to make it plain that it expects the courts to imply private rights of action under the legislation, where the plaintiff falls within the class of persons protected by the statutory provisions in question . . . . [s]uch a right would be consistent with and further Congress' intent in enacting that provision . . . . [i]n appropriate instances, for example, breaches of fiduciary duty involving personal misconduct should be remedied under Section 36(a) of the Investment Company Act.'

*Id.*, 848 F. Supp. at 538-39 (quoting H.R.Rep. No. 1341, 96th Cong., 2d Sess. 28-29 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4800, 4810-11 (footnotes omitted)). Cases

finding that there is a private right of action usually relied on this legislative history as support for their holdings. *See id.*; *McLachlan*, 31 F. Supp. 2d at 737; *In Re Nuveen Fund Litig.*, 1996 WL 328-006 at *6.

Reliance on this legislative history seems inconsistent with the holding of *Alexander* that the inquiry into whether there is an implied private right of action under a statute is governed by the statutory text. While this issue may not have been resolved definitively by *Alexander*, I find that the Supreme Court's recent decision in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611 (2005) resolves any doubt on the issue. In that case, the Supreme Court, while interpreting 28 U.S.C. § 1367, rejected an argument that the Court should look at legislative history even though that history directly supported a certain construction of the statute. *Id.* at 2625. It noted that the statute was not ambiguous, and that "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material." *Id.* "Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Id.*

In the case at hand, I find that the statute is not ambiguous. § 36(a) states that the SEC is the only entity that has authority to commence an action under its provisions. It does not create a private right of action to any other parties. Therefor, I cannot rely on the legislative history or any other extrinsic materials to imply such a right. Recent decisions, including decisions that have addressed identical claims brought by counsel for Plaintiffs on behalf of other parties, agree with this analysis and conclude that there is not an implied right of action under § 36(a) in light of *Alexander*

and *Exxon Mobil*. *See Mutchka*, 373 F. Supp. 2d at 1026-27; *Jacobs v. Bremner*, 378 F. Supp. 2d 861, 863-66 (N.D. Ill. 2005); *Dull v. Arch*, No. 05 C 140, 2005 WL 1799270 at *2-3 (N.D. Ill. 2005); *see also Olmstead*, 283 F.3d at 432-36 (2d Cir. 2002).  I agree with the reasoning of those cases and hold that there is no private right of action under § 36(a).  Accordingly, Plaintiffs' claims under this section must be dismissed.[1]

        3.    <u>Whether Dismissal of the Claim under § 36(b) of the ICA is Proper</u>

Unlike § 36(a), § 36(b) does provide a private right of action to sue.  Specifically, it states:

> For the purposes of this subsection, the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. An action may be brought under this subsection by the Commission, or by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. § 80a-35(b).

However, I find that Plaintiffs' claim under this section must be dismissed for failure to state a claim upon which relief can be granted.  Courts interpreting this

---

[1] I also note that even if the statute did create a private right of action, it appears that Plaintiffs' claim under § 36(a) would still be subject to dismissal for failure to state a claim upon which relief can be granted.  As noted by the court in *Jacobs*, the "personal misconduct" for which § 36(a) allows an action does not encompass general nonfeasance or breaches of fiduciary duties.  *Id.*, 378 F. Supp. 2d at 866-67.  Instead, courts have typically required "'some sort of self-dealing'" in order to state a claim.  *Id.* (quoting *In Re Nuveen Funds Litig.*, 1996 WL 328006, at *10-12).  Here, as in *Jacobs*, I find only broad allegations of breach of fiduciary duty, and no allegations directed at self-dealing.

section in cases involving identical claims by Plaintiffs' counsel against other mutual fund companies have construed it narrowly to encompass only claims that involve excessive fees and/or an impropriety in the compensation agreement itself.  *See Mutchka*, 373 F. Supp. 2d at 1024-25 (citing cases); *Jacobs*, 378 F. Supp. 2d at 867-69; *Dull*, 2005 WL 195520 at *3; *Hogan v. Baker*, No. Civ.A 305CV0073P, 2005 WL 1949476 at *5-6 (N.D. Tex. 2005).  *Mutchka* also rejected arguments made by the plaintiffs therein (which are also made by in this case) that as a result of the defendants' breach of their fiduciary duties, any and all compensation they received was excessive.  *Id.*, 373 F. Supp. 2d at 1025.  The court stated that if § 36(b) were interpreted as broadly as the Mutchkas posit, "then a claim always would be tenable under Section 36(b) whenever an investment advisor breached *any* fiduciary duty", which is not the purpose of 36(b).  *Id.* (emphasis in original).

I agree with and adopt the reasoning of those cases.  Plaintiffs' claims do not allege any impropriety in connection with the compensation agreement nor do they allege excessive fees charged by the Defendants.  Instead, they allege only a breach of a general fiduciary duty related to mismanagement of the funds by failing to participate in settlements.  Accordingly, their claims under § 36(b) must be dismissed.

        4.    <u>Whether Dismissal of the Claim under § 47(b) of the ICA is Proper</u>

§ 47(b)(1) states, "[a] contract that is made, or whose performance involves, a violation of this subchapter . . . is unenforceable by either party (or by a nonparty to the contract who acquired a right under the contract with knowledge of the facts by reason of which the making or performance violated or would violate any provision of this

subchapter. . . ) unless a court finds that under the circumstances enforcement would produce a more equitable result than nonenforcement and would not be inconsistent with the purposes of this subchapter." 15 U.S.C. § 80a-46(b)(1).  Both parties agree in their briefs, and I find, that the equitable remedy set forth in § 47(b)(1) is only available upon a showing of other violations of the ICA.  *See Jacobs*, 378 F. Supp. 2d at 869; *Mutchka*, 373 F. Supp. 2d at 1027; *Dull*, 2005 WL 1799270 at *3; *Tarlov v. Paine Webber Cashfund, Inc.*, 559 F. Supp. 429, 437-38 (D. Conn. 1983).  Since Plaintiffs' other claims under the ICA were dismissed, this claim is also subject to dismissal.

Further, even if Plaintiffs were able to state a claim under another section of the ICA, I find that this claim would still be subject to dismissal.  The Complaint alleges that the agreements at issue were between the Advisor Defendants and the funds -- Plaintiffs were not parties.  Comp. ¶ 47.[2]  Accordingly, Plaintiffs do not have standing to pursue a claim under § 47(b).  *See Lessler v. Little*, 857 F.2d 866, 874 (1st Cir. 1988) (shareholder of an investment company who brought claim under § 47(b) on his own behalf and on behalf of others similarly situated for rescission of a contract lacked standing to pursue claim since he was not a party to the contract nor did he assert a derivative claim on behalf of a party), *cert. denied*, 489 U.S. 1016 (1989).

     5.    <u>The State Law Claims of Breach of Fiduciary Duty and Negligence</u>

Since I have dismissed all claims under federal law, Plaintiffs' state law claims may remain in this Court only if I exercise supplemental jurisdiction over such claims.  I

---

[2] Plaintiffs also have not alleged that they were nonparties to the contract "who acquired a right under the contract with knowledge of the facts by reason of which the making or performance violated or would violate" the ICA.  15 U.S.C. § 80a-46(b)(1).

decline to exercise my discretion to retain supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Counts I and II of the Complaint are dismissed without prejudice.[3]

### III. CONCLUSION

Based upon the foregoing, I find that dismissal of the claims is proper. Accordingly, it is

ORDERED that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed May 16, 2005 is **GRANTED**. In accordance therewith, it is

ORDERED that the federal claims (Counts III, IV and V) are **DISMISSED WITH PREJUDICE** and the state law claims (Counts I and II) are **DISMISSED WITHOUT PREJUDICE**.

Dated: December 22, 2005

             BY THE COURT:

             s/ Wiley Y. Daniel
             Wiley Y. Daniel
             U. S. District Judge

---

[3] Since I have dismissed all the claims in this lawsuit on the grounds stated, I need not address Defendants' argument that Plaintiffs improperly pled Counts I, II, III and V as direct rather than derivative claims.